IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:05-CV-642-FL-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| $5,975.00 IN U.S. CURRENCY, and | ) | |
| $1,361.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on pro se claimant Clarence Douglas Coakley's motion for clarification or return of property, which the court construes as a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. (DE 42). The issues raised are ripe for ruling. For the reasons that follow, Coakley's motion is denied.

## BACKGROUND

On September 21, 2005, plaintiff commenced this action in rem against defendant currency, alleging that the currency was used or intended to be used in exchange for controlled substances, represented the proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of 21 U.S.C. §§ 801, et seq.

On October 17, 2005, claimant filed motion to dismiss, asserting ownership of the property and arguing that the statute of limitations barred the instant forfeiture proceeding. Claimant also filed motion for summary judgment, which was denied by the court on June 16, 2016.

On July 3, 2006, the court entered its case management order, adopting plaintiff's revised

discovery plan that required discovery be completed in the instant case not later than October 31, 2006. On August 29, 2006, plaintiff filed motion to compel claimant's response to plaintiff's first set of interrogatories and first request for production of documents. The court granted the motion on September 21, 2006, directing claimant to respond to plaintiff's requests for discovery within ten days and warning that "if claimant fails to respond to discovery as ordered, then on application by the United States of America, his claim and answer shall be stricken and default judgment entered."

On October 10, 2006, the government moved to strike claimant's claim and answer, representing that claimant failed to respond to discovery as ordered by the court. Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, the court struck claimant's claim and answer on November 9, 2006, and directed plaintiff to proceed with its request for default and default judgment. On motion by plaintiff, the clerk entered default on November 30, 2006, and the court entered default judgment on December 5, 2006.

Claimant filed the instant motion on February 14, 2020.

## COURT'S DISCUSSION

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). The burden of showing timeliness for a Rule 60(b) motion lies with claimant. Moses v. Joyner, 815 F.3d 163, 166 (4th Cir. 2016); Aikens v. Ingram, 652 F.3d 496, 500–01 (4th Cir. 2011).

In Moses, the United States Court of Appeals for the Fourth Circuit upheld the district court's decision to deny a Rule 60(b) motion because it was untimely. 815 F.3d at 166. There,

appellant did not file his motion until nearly two-and-a-half years after a change in controlling law to file his motion.  Id.  Similarly, in McLawhorn v. John W. Daniel & Co., the Fourth Circuit upheld the district court's finding that plaintiff's Rule 60(b) motion was untimely when made three to four months after the original judgment and no valid reason was given for the delay.  924 F.2d 535, 538 (4th Cir. 1991).

Claimant's motion was filed February 14, 2020, approximately 13 years and three months after default judgment was entered in this case, forfeiting defendant currency to plaintiff.  Claimant offers no explanation for why the delay between entry of default judgment and filing instant motion is reasonable.  Indeed, claimant offers no specific reason at all why default judgment in this case should be set aside.  Accordingly, claimant's motion is denied.

## CONCLUSION

Based on the foregoing, claimant's motion for clarification or return of property (DE 42) is DENIED.  The clerk is DIRECTED to serve a copy of this order on claimant at the following address: Clarence Douglas Coakley, 10802 Poolman Place, Richmond, TX 77407.

SO ORDERED, this the 23rd day of March, 2020.

LOUISE W. FLANAGAN
United States District Judge